**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4187-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AL WHITE, a/k/a AL-QUAN WHITE,
ALFUQUAN WHITE, WOHEED
MUHAMMAD, IKE MUHAMMAD,
WOHEED ROLLINS, ALI HAKIM,
and HASSAN COOK,

     Defendant-Appellant.

_____

Submitted January 13, 2020 – Decided January 31, 2020

Before Judges Sabatino and Sumners.

On appeal from the Superior Court, Law Division, Essex County, Indictment Nos. 10-05-1368 and 10-01-1369.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A.

Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Al White, whose 2011 conviction for murder and other offenses we upheld on direct appeal, returns with an appeal of the trial court's October 23, 2017 decision rejecting his petition for post-conviction relief ("PCR"). We affirm, except for one aspect of the petition that was not ruled upon below.

The underlying facts and procedural history are detailed in our unpublished opinion on direct appeal, and we incorporate them by reference here. See State v. White, No. A-2320-11 (App. Div. Jan. 9, 2015).

Briefly stated, the State's proofs established that defendant shot and killed one victim, Bryan Lockett, and wounded a second victim, Latiff McCleod, outside of a bar in Irvington on October 9, 2009. The shots were fired minutes after an altercation erupted inside the bar.

Portions of the incident that occurred outside were recorded on a surveillance video camera outside of the premises. Antoine Clemons, a bar patron who had been punched during the fight, identified defendant on the video wearing a shirt with a distinctive checkerboard pattern and holding a gun. Ricky Shaw, the bar's head bouncer, likewise identified defendant on the video. In addition, the jury heard a sworn statement

2

by Frederick Ellis, another bouncer, who told police that he saw defendant shoot Lockett and heard defendant say beforehand, "Let's clear this up."

Defendant testified in his own behalf at trial. He admitted that he had gone to the Irvington bar on the night in question, but claimed he left the premises with a female companion before the shooting and went to another club in Newark. Defendant also presented testimony from Ellis's brother, Antonio Jones, who stated he saw defendant at the Newark club and that he appeared to be acting normal. No other defense witnesses testified.

The jury found defendant guilty of first-degree murder of Lockett, N.J.S.A. 2C:11-3(a)(1)(2); third-degree aggravated assault of McCleod, N.J.S.A. 2C:12-1(b)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a); and a "certain persons" weapons offense, N.J.S.A. 39-7(b). The trial court sentenced defendant to an aggregate custodial term of seventy-five years, subject to parole ineligibility periods mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, defendant argued through his counsel that: (1) the State exercised its peremptory challenges in an unconstitutional manner; (2) the surveillance video was not sufficiently authenticated to be admissible; (3) the trial court erred in excluding certain defense proofs; (4) the presentation of Ellis' video taped statement at trial was

3

confusing, misleading, and invited speculation concerning its contents; (5) the court should have charged the jury on lesser-included offenses to murder; (6) the prosecutor made unduly prejudicial remarks in summation; (7) an outburst in the courtroom before deliberations tainted the verdict; and (8) cumulative error. In a pro se supplemental brief, defendant further argued that: (1) the trial court allowed inadmissible hearsay evidence from a retired detective; (2) defendant was denied confrontation of non-testifying police officers; (3) the court unfairly assisted the prosecutor in presenting the case; (4) the court should have made greater inquiry into a juror's failure to appear for deliberations; (5) defense counsel at trial was ineffective; and (6) the State should have produced a hard-drive of the surveillance video system. We rejected these arguments in our opinion upholding the conviction. White, slip op. at 4. The Supreme Court thereafter denied defendant's petition for certification. State v. White, 221 N.J. 567 (2015).

In his PCR application, defendant argued that both his trial attorney and his attorney on direct appeal failed to provide him with the effective assistance of counsel in numerous ways. After duly considering these contentions and hearing oral argument, the same judge who had presided over defendant's 2011 trial issued a detailed thirty-three page written opinion rejecting defendant's contentions. The judge found no need to conduct an evidentiary hearing. This PCR appeal ensued.

Defendant makes the following points in his counsel's brief:

POINT I

THE PCR COURT ERRED BY DENYING DEFENDANT'S MOTION FOR DISCOVERY TO PERFECT HIS PETITION FOR POST-CONVICTION RELIEF AND TO PERMIT THE INTERVIEW OF A GRAND JUROR.

POINT II

THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE CLAIMS THAT HIS TRIAL ATTORNEY PROVIDED HIM WITH INEFFECTIVE ASSISTANCE.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED.

C. THE MOTION TO DISMISS THE INDICTMENT

D. THE BRADY VIOLATION CLAIM

E. THE JURY'S UNRESTRICTED ACCESS TO THE ELLIS STATEMENT

F. FAILURE TO INVESTIGATE

POINT III

APPELLATE COUNSEL PROVIDED DEFENDANT
WITH INEFFECTIVE ASSISTANCE.

Additionally, defendant makes the following points in a pro se supplemental

brief:

SUPPLEMENTAL PRO SE POINT I

THE PCR COURT FAILED TO APPLY THE LEGAL
STANDARDS OF BRADY V. MARYLAND TO
DEFENDANT'S CLAIMS, REGARDING THE
STATE'S SUPPRESSION OF IMPEACHMENT
MATERIAL EVIDENCE SURROUNDING KEY
WITNESS ANTOINE CLEMONS' CRIMINAL
RECORD, BRADY V. MARYLAND, 373 U.S. 83
(1963); STATE V. CARTER, 85 N.J. 300 (1981).

A. THE NEW TRIAL SHOULD HAVE BEEN
GRANTED IN LIGHT OF THE NEWLY
DISCOVERED EVIDENCE ATTRIBUTED TO
BRADY RULE VIOLATION.

B. THE PCR COURT ABUSE[D] ITS
DISCRETION WHEN IT FAILED TO APPLY
THE LEGAL STANDARDS OF BRADY V.
MARYLAND TO DEFENDANT'S CLAIMS,
THE STATE SUPPRESSED MATERIAL
EVIDENCE PERTAINING TO THE
FAVORABLE TREATMENT OF ANTOINE
CLEMONS IN EXCHANGE FOR
INCRIMINATING TRIAL TESTIMONY. SEE
BRADY V. MARYLAND, 373 U.S. 83 (1963);
HASKELL V. SUPERINTENDENT, GREENE,
SCI, 866 F.3D 139 (3rd Cir 2017).

6

SUPPLEMENTAL PRO SE POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO ADJUDICATE HIS CLAIMS THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL & APPELLATE LEVEL. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984).

A. Trial counsel was Ineffective for acquiescing without object[ing] to the trial Courts erroneous decision to give the deliberating jury full access to the audio tape statement of Frederick Ellis, because of counsel's failure to object defendant was denied the substantive and procedural due process, afforded by the State and Federal Constitutions.

B. The [T]rial Court erred in denying defendant's claim that trial counsel failed to conduct an adequate pretrial investigation regarding State's witness Ricky Shaw, deprived him of the right to a fair trial and due process.

C. The [T]rial Court erred when it denied defendant's ineffective assistance of counsel claim regarding trial Counsel's deficient Wade Motion, without an evidentiary hearing.

SUPPLEMENTAL PRO SE POINT III

DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. See Evitts V. Lucey, 469 U.S. 387 105 S. Ct. 830 (1985).

7

A. Direct appeal counsel failure to raise that the [T]rial Court's improper Wade hearing ruling deprived defendant of his right to a fair trial, as a matter of due process necessitating granting his petition for Post-Conviction Relief.

B. Appellate counsel failed to raise the issue that the [T]rial Court decision to allow Frederick Ellis prior inconsistent statements to be played for the jury, pursuant to State v. Gross, 121 N.J. 1 (1990) was erroneous.

After considering these arguments in light of the record and the applicable law, we affirm the trial court's denial of defendant's PCR petition. We do so essentially for the substantive[1] reasons set forth in the trial court's extensive written opinion, except for some slight variations in the analysis we will mention.

A criminal defendant's right to counsel under the Sixth Amendment to the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution includes the right to adequate legal advice. Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To succeed on a claim of a deprivation of the effective assistance of counsel, a defendant must satisfy a two-part test. "First, the defendant must show that

---

[1] We choose not to rest upon the procedural bars under Rule 3:22 advocated by the State and adopted in the judge's decision.

counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.

In reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "[C]omplaints merely of matters of trial strategy will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (internal citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006). "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" Id. at 314-15 (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

Applying these well-established standards, we are satisfied the trial court had ample justification to deny defendant's PCR petition. In addition, the trial court did not err in declining to hold an evidentiary hearing, because defendant failed to present prima facie grounds to set aside his conviction. State v. Preciose, 129 N.J. 451, 462 (1992). We add only a few comments about certain issues.

Defendant's claim that the verdict must be set aside because the grand jury allegedly was shown a mug shot of him is unavailing. When this issue arose before trial, the court held a hearing, and found credible the prosecutor's testimony refuting that the photo was displayed. Defendant's trial counsel rightly would have been concerned that if defendant testified about this subject at the pretrial hearing, doing so might have generated statements that could have been used to impeach him at trial.[2] Defendant provides scant information about the hearsay source of his alleged contention that the mug shot had been displayed. In any event, even if the photo was displayed and somehow tainted the grand jurors, the United States Supreme Court has made clear that an ensuing guilty verdict by a trial jury can vitiate such a claim of prejudice in the grand jury process. See United States v. Mechanik, 475 U.S. 66 (1986).

---

[2] That said, in retrospect, defense counsel should not have threatened to withdraw if defendant unwisely elected to testify at the hearing. However, for the reasons we note, that is legally inconsequential.

We are likewise unpersuaded by defendant's claim that his counsel on direct appeal should have advocated for a new trial because the deliberating jurors were given unsupervised access to an audio recording of Ellis's police statement. Following an appropriate hearing under State v. Gross, 121 N.J. 18 (1990), the police statement was duly admitted into evidence, and played for the jurors, as a prior inconsistent statement under N.J.R.E. 803(a)(1). We are mindful that the New Jersey Supreme Court made clear for the first time in dicta in its 2013 opinion in State v. A.R., 213 N.J. 541, 560-61 (2013), that allowing jurors unsupervised access to both video and audio recordings during their deliberations is disfavored. We discern no deficient performance by appellate counsel concerning this issue, as the Supreme Court's 2013 dicta about audio recordings is not manifestly retroactive to a trial such as this one that occurred years earlier. Although we do not rely on the PCR court's stated distinction between audio and video recordings or between playbacks of recorded police statements versus courtroom testimony, we are satisfied that the denial of relief on this issue under the Strickland factors was correct.

Similarly, there is no merit to defendant's contentions that his appellate counsel should have sought to overturn the admission of the identifications by Clemons and Ellis

A-4187-17T3

of defendant as the victim's shooter. The trial court admitted those identifications after a Wade[3] hearing and expressed sound reasons for admitting the testimony.

Nor is there any demonstrated merit to defendant's claim that he was denied a fair trial under Brady v. Maryland, 373 U.S. 83 (1963), because of the State's delayed turnover of discovery concerning child support warrants for Clemons that had been outstanding and withdrawn in Atlantic County. There is no competent evidence showing that the failure of Atlantic County to reinstate those warrants had anything to do with Clemons' cooperation in this criminal trial in Essex County. Defendant's trial counsel cross-examined Clemons. This additional material about Clemons' child support obligations would not have manifestly altered the strength of the State's case as a whole.

We do not resolve defendant's allegation that he was deprived of a fair trial because his witness Jones testified in handcuffs, in alleged violation of State v. Artwell, 177 N.J. 526 (2003). Defendant contends his counsel on direct appeal ignored his request to raise that issue. The record has not been developed on the issue, and it was not addressed by the PCR court. We remand the issue to the trial court to address the claim, both procedurally and substantively.

The balance of defendant's arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

---

[3] United States v. Wade, 388 U.S. 218 (1967).

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4187-17T3